# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-11228
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alonzo Smith,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-180-1

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alonzo Smith challenges his guilty-plea conviction for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) (outlawing possession with intent to distribute), 841(b)(1)(B) (discussing penalty), 846 (punishing conspiracy). He contends his guilty plea was not knowing and voluntary, asserting the magistrate judge

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(MJ) violated Federal Rule of Criminal Procedure 11(b)(1)(N) by failing to fully explain the terms of the appeal waiver in the plea agreement.

Because Smith did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Smith must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

During the plea colloquy, the MJ confirmed Smith had read and understood the plea agreement and its waiver provision, and advised him the waiver would bar an appeal except in limited circumstances; Smith did not respond when asked if he had any questions about the information covered in the colloquy. *See United States v. Oliver*, 630 F.3d 397, 411–12 (5th Cir. 2011) (discussing Rule 11(b)(1)(N) compliance); *United States v. Garvin*, No. 23-10584, 2024 WL 1693339, at *1 (5th Cir. 19 Apr. 2024) (rejecting similar contention). Accordingly, Smith does not show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.